# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| FREDERICK PULLUM, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | COMPLAINT FOR VIOLATION OF |
| ) | CIVIL RIGHTS AND STATE |
| VILLAGE OF UNIVERSITY PARK, ) | SUPPLEMENTAL CLAIMS |
| ) | |
| Defendant. ) | **JURY DEMANDED** |

## JURISDICTION AND VENUE

1. This is an action pursuant to the United States Constitution and the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §12101 *et seq.*. This court has jurisdiction under and by virtue of 28 U.S.C §§ 1331 and 1343 and supplemental jurisdiction under and by virtue of U.S.C. § 1367.

2. Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

3. Plaintiff, Frederick Pullum, has fully complied with the procedural requirements of the ADAAA. He filed a charge for discrimination with the EEOC, received a right-to-sue letter from the EEOC, and brought this lawsuit within the applicable time period.

## PARTIES

4. At all times herein mentioned, Plaintiff, Frederick Pullum (hereinafter "Plaintiff"), was employed by the Defendant Village of University Park (hereinafter "University Park" or "Defendant").

5. At all times herein mentioned, Defendant was and is believed and alleged hereon to be a municipality duly organized, existing, and operating within the jurisdiction of this Court.

6. Defendant is an employer subject to suit under the ADAAA in that Defendant is in an industry affecting commerce and had 15 or more employees in each of 20 or more weeks in the current or preceding calendar year.

## FACTUAL ALLEGATIONS

7. Plaintiff began his employment with Defendant in October 2011 in the Defendant's Parks and Recreation Department.

8. Plaintiff's most recent position with Defendant was maintenance technician.

9. At all material times, Plaintiff performed his job according to his employer's legitimate expectations.

10. At all relevant times, Plaintiff was disabled in that he is a diabetic and substantially limited in endocrine function.

11. Plaintiff was originally hired as a temporary worker, and thus was not eligible for union membership or benefits. After 90 days, Plaintiff was entitled to become a permanent worker and eligible for union membership and benefits.

12. In 2012, another worker hired on as a part-time after Plaintiff was hired on as a permanent worker and allowed union membership and other benefits after 90 days. Despite this, Plaintiff remained a temporary worker. Plaintiff could perform each of the essential functions of a permanent maintenance technician with his disability.

13. Plaintiff complained about not being hired on permanently to the Defendant's Village Manager at the time, Lafayette Linear. At that time, Linear informed Plaintiff that he would not be hired on full-time due to his disability.

14. In May 2015, a new village manager named Bola Delano began with Defendant. Plaintiff complained to Delano that he was still a temporary employee due to his disability. Delano

informed Plaintiff that she would restore Plaintiff's back-pay, seniority and raises and allow Plaintiff to become a member of the union due to this oversight.

15. On June 23, 2015, Delano made Plaintiff a permanent employee but did not restore Plaintiff's back-pay, seniority and raises and allow Plaintiff to become a member of the union because she had to clear those matters with the Village Board. The Village Board never approved Plaintiff's back-pay, seniority and raises, and Plaintiff never received the same, after Delano promised these benefits to Plaintiff.

16. In September 2015, the Village Board removed Delano from her position. At or around the same time, Plaintiff was removed from his permanent position and placed back into a part-time position.

17. After Plaintiff was placed back into a part-time position, he complained to the Defendant's human resources department to no avail.

18. In December 2015, Plaintiff had a meeting with Defendant's new village manager, Johnna Townsend. In this meeting, Plaintiff explained that he had been denied a permanent position and benefits due to his disability, and then removed from his permanent position. Townsend agreed to meet with Plaintiff again to discuss the matter in detail but never did so.

19. On February 29, 2016, Plaintiff was noticed that he was being terminated from his position due to a lay-off. Plaintiff was the only member of the Parks and Recreation Department that was laid-off at that time.

20. Defendant's reason for Plaintiff's termination was false and a mere pretext for illegal discrimination.

21. Defendant terminated Plaintiff because of his disability and in retaliation for his complaints of discrimination.

22. Similarly situated employees were treated more favorably or not terminated for the same reason Defendant terminated Plaintiff.

23. As a result of the aforesaid acts of the Defendant, Plaintiff has lost income and benefits in an amount to proven at the time of trial. Plaintiff claims such damages together with prejudgment interest as permitted by law.

24. The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive, and in callous disregard to and indifference to Plaintiff. Thus, Plaintiff requests the assessment of punitive damages and/or liquidated damages against the defendant in a sum as determined according to law and proof.

## COUNT I
## PLAINTIFF AGAINST DEFENDANT FOR DISCRIMINATION AND RETALIATION ON THE BASIS OF PLAINTIFF'S DISABILITY IN VIOLATION OF THE ADAAA

25. Plaintiff realleges and incorporates paragraphs one (1) through twenty-four (24) as though fully set forth at this place.

26. Plaintiff is disabled in that he is a diabetic and substantially limited in endocrine function.

27. Plaintiff was qualified for the job he held with Defendant and performed all job functions to Defendant's legitimate employment expectations.

28. Despite Plaintiff's qualifications and job performance, he was discriminated against by Defendant because of his disability and complaints of discrimination.

29. Defendant's discrimination against Plaintiff was intentional.

30. Defendant discriminated and retaliated against Plaintiff in the terms and conditions of employment in that he was refused a permanent position, denied back-wages and benefits, and ultimately terminated.

31. Similarly situated non-disabled employees were not subjected to the same terms and conditions of employment as was Plaintiff.

32. Defendant's reason for termination is false and merely pretext for illegal discrimination and retaliation.

33. Defendant's actions, as described above, are in violation of the ADAAA in that Defendant acted to discriminate and retaliate against Plaintiff in the terms and conditions of his employment because of his disability.

34. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## COUNT II
## PLAINTIFF AGAINST DEFENDANT FOR
## FAILURE TO PROVIDE A REASONABLE ACCOMMODATION
## IN VIOLATION OF THE ADAAA

35. Plaintiff realleges and incorporates paragraphs one (1) through twenty-four (24) as though fully set forth at this place.

36. Plaintiff is disabled in that he is a diabetic and substantially limited in endocrine function.

37. Plaintiff is a qualified person with a disability in that he can perform the essential functions of his job with a reasonable accommodation.

38. Defendant was able to provide a reasonable accommodation to Plaintiff in the form of allowing Plaintiff to work as a permanent employee.

39. Such reasonable accommodation would not cause an undue hardship on Defendant.

40. Defendant refused to provide Plaintiff with a reasonable accommodation.

41. Defendant's actions, as described above, are in violation of the ADAAA as Defendant did not offer Plaintiff, a qualified individual with a disability, an available reasonable accommodation.

42. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Frederick Pullum, by and through his attorneys, Ed Fox & Associates, requests the following relief:

A. That Plaintiff be granted general and compensatory damages in an amount to be determined at trial;

B. That Plaintiff be granted punitive or liquidated damages in an amount to be determined at trial;

C. That the Court grant to Plaintiff his reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

D. That the Court grant such other and further relief as the Court may deem just or equitable.

BY: s/ Jonathan R. Ksiazek
Jonathan R. Ksiazek

ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/ Jonathan R. Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efox-law.com